IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER MONTGOMERY                                PLAINTIFF

v.                                              CIVIL ACTION NO. 1:24-CV-196-SA-RP

LOWNDES COUNTY, MISSISSIPPI AND
ITS BOARD OF SUPERVISORS; DAVID CRIDDLE,
LOWNDES COUNTY OFFICER                                DEFENDANTS

ORDER AND MEMORANDUM OPINION

Christopher Montgomery filed his *pro se* Complaint [1] against Lowndes County, Mississippi; the Lowndes County Board of Supervisors; and Officer David Criddle on October 29, 2024. His Complaint [1] brings claims under 28 U.S.C. § 1983 for alleged violations of the First, Fourth, and Fifth Amendments. Lowndes County ("the County") and the Board of Supervisors ("the Board") have filed a Motion to Dismiss for Failure to State a Claim [16]. Montgomery has not responded, but his time to do so has passed. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

According to the Complaint [1], on April 14, 2022, Montgomery was traveling in Columbus, Mississippi when he was stopped by Officer Criddle.[1] The Complaint [1] alleges that upon being stopped, Montgomery exited his vehicle and Criddle began questioning him without advising him of his *Miranda* rights.

Per the Complaint [1], Montgomery started to set up his cell phone to record the interaction with Officer Criddle because he began to relive the trauma of his brother being wrongfully killed by a police officer while he was present. The Complaint [1] alleges that Criddle was very

---

[1] According to the Incident Report attached to the Complaint [1], Officer Criddle stopped Montgomery because his car fit the description and location of a suspect leaving the scene of a nearby disturbance.

concerned about being on social media and told Montgomery that he could not record the interaction without Criddle's consent.

According to the Complaint [1], Officer Criddle then searched Montgomery's vehicle and found no evidence of wrongdoing but charged Montgomery with driving with a suspended license, no proof of insurance, and possession of drug paraphernalia. The Complaint [1] alleges that Criddle only arrested Montgomery because he was recording the interaction.

When Montgomery was handcuffed and placed in the back of the patrol car, Officer Criddle allegedly searched Montgomery's cell phone and deleted several files, including sentimental recordings. The Complaint [1] alleges that Criddle also instructed another officer to turn off his body camera.

The Complaint [1] alleges that Montgomery suffered physical, emotional, and economic injuries as a result of the interaction with Office Criddle. As noted, Montgomery asserts that Criddle violated his First, Fourth, and Fifth Amendment rights.

Before the Court is the County and the Board's Motion to Dismiss [16]. The Board argues that it should be dismissed because it lacks the legal capacity to be sued, and the County argues that it should be dismissed because the Complaint [1] fails to state a *Monell* claim. Montgomery's time to respond to the Motion [16] has passed. *See* L. U. CIV. R. 7(b)(4). Since the Motion [29] is dispositive, the Court will not grant it as unopposed but will instead consider it on the merits without the benefit of a response. L. U. CIV. R. 7(b)(3)(e).

*Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 157 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In considering the motion, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, but the Court need not accept "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (quoting *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019)).

*Analysis and Discussion*

The Court will begin with the Board's argument regarding legal capacity before turning to the County's arguments regarding the sufficiency of the Complaint [1].

I. *Legal Capacity*

The Board argues that Montgomery's claims against it should be dismissed because it does not have the legal capacity to be sued.

The capacity of a board of supervisors to be sued is governed by state law. FED. R. CIV. P. 17(b)(3). "Mississippi law is [] clear that a 'board of supervisors' has no legal existence, or capacity to be sued, separate from the County." *Cooley v. Forrest Cnty. Sheriff's Dept.*, 2020 WL 5118054, *3 (S.D. Miss. Aug. 31, 2020) (citing *Brown v. Thompson*, 927 So. 2d 733, 733 (Miss. 2006); *Hearn v. Bd. of Supervisors of Hinds Cnty.*, 575 F. App'x 239, 243 (5th Cir. 2014)). "This lack of

capacity applies to any federal claims as well." *Id.* (citing *Hammond v. Shepherd*, 2006 WL 1329507, at *3 (S.D. Miss. May 11, 2006) (dismissing Section 1983 claim against police department and board of supervisors because they are "extensions of the City and the County, respectively, rather than separate legal entities that may be named as parties in an action.")).

Therefore, Montgomery cannot maintain an action against the Board as it lacks the capacity to be sued separately from the County. The Motion to Dismiss [16] the Board is GRANTED.

  II.  *Sufficiency of Complaint's [1] Monell Claim*

Next, the County alleges that the Complaint [1] fails to adequately allege municipal liability.

"A person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage." *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Social Servs.*, 436, U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). "To establish municipal liability (a '*Monell* claim') under § 1983, 'a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy.'" *Id.* (quoting *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010)). To succeed, "[a] plaintiff must identify '(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).'" *Id.* (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). "Municipalities are not liable 'on the theory of respondeat superior' and are 'almost never liable for an isolated unconstitutional act on the part of an employee.'" *Id.* (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

The Complaint's [1] only allegations regarding the County are contained in the "Parties" section and read as follows:

> Defendant County of Lowndes Mississippi [and/or the Board of Supervisors] is a County organized and existing under the laws of the State of Mississippi with the ability to sue and be sued within the State of Mississippi. Defendant County at all times pertinent and relevant to this action employed Defendant Criddle. Defendant County [Board of Supervisors] was responsible for the hiring, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Lowndes County, Mississippi Sheriff Department and its officers, including Defendant Criddle. As such, Defendant County was the final policy maker for the Lowndes County Sheriff Department in the areas of law enforcement and training, supervision, and discipline of its officers.

[1] at p. 4-5 (brackets in original).

First, these allegations fail to identify any official policy or custom attributable to the County. *See Webb v. Town of St. Joseph*, 925 F.2d 209, 214 (5th Cir. 2019) ("[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.") (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (additional citation omitted). Notably, an official policy or custom may be established by pointing to a written municipal policy; a widespread, well-settled practice that fairly represents a municipal policy; or, in rare circumstances, a single decision made by a final decisionmaker. *Id.* Moreover, the "failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement." *Hutcheson*, 994 F.3d at 482 (quoting *Peterson*, 588 F.3d at 849). While the Complaint [1], in a conclusory fashion, utilizes terms like "final policy maker" and references

training and supervision, the Complaint [1] points to no municipal policy, practice, decision by a final decisionmaker, or decision regarding training and supervision of any sort.

It follows that the Complaint's [1] allegations also fail to establish the two remaining elements of a *Monell* claim—a policymaker with actual or constructive knowledge of the alleged policy or custom that was the moving force behind the alleged constitutional violation. *Id.*

Lastly, as noted, municipal entities are not liable on a theory of respondeat superior. Thus, the Complaint's [1] allegation that the County employed Officer Criddle fails to support a claim for municipal liability.

While the Complaint [1] fails to state a claim against the County, "[i]t is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). And generally, where a plaintiff's complaint fails to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Therefore, the Court will allow Montgomery to amend his Complaint [1] to cure the deficiencies of his municipal liability claim against the County.

## *Conclusion*

For the reasons set forth above, the Motion to Dismiss [16] is GRANTED in part and DENIED *without prejudice* in part.

Montgomery's claim against the Board of Supervisors is DISMISSED *with prejudice*. The Clerk of Court shall TERMINATE the Board of Supervisors as a Defendant on the docket.

Montgomery shall have 21 days to file an amended complaint against Lowndes County that corrects the deficiencies addressed herein. The amended complaint shall be filed by June 23, 2025. Montgomery's failure to file an amended complaint by June 23, 2025 will result in the dismissal of his claim against the County without further notice. Should the County wish to re-urge its motion after the filing of an amended complaint, it will be permitted to do so.

SO ORDERED, this the 2nd day of June, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE