IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER MONTGOMERY                                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:24-CV-196-SA-DAS

DAVID CRIDDLE                                                                DEFENDANT

ORDER AND MEMORANDUM OPINION

On October 29, 2024, Christopher Montgomery, who is proceeding *pro se*, initiated this lawsuit by filing his Complaint [1] against multiple Defendants. At this stage, David Criddle is the only remaining Defendant. He has filed a Motion for Judgment on the Pleadings [30], which has been fully briefed and is ripe for review. Having considered the parties' filings and the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

On April 14, 2022, Montgomery was traveling in his vehicle in Columbus, Mississippi when he alleges he was stopped by Officer Criddle of the Lowndes County Sheriff's Office.[1] The Complaint [1] alleges that upon being stopped, Montgomery exited his vehicle and Officer Criddle began questioning him without advising him of his *Miranda* rights.[2]

As shown in the body cam footage, Officer Criddle immediately identified Montgomery as a suspect from a 911 domestic disturbance call that the Sheriff's Office had received. Montgomery admitted to being involved in the disturbance and explained his perspective to Officer

---

[1] The Court has reviewed and considered Officer Criddle's body cam footage, which begins as Officer Criddle exits his patrol car. The body cam footage was filed as an exhibit to Criddle's separate Motion for Partial Summary Judgment [42], as reflected in the Notice of Conventional Filing [45] on the docket. As to the alleged events that occurred prior to the commencement of the body cam footage, the Court has pieced together the allegations of Montgomery's Complaint [1] and the investigative report attached thereto. *See* [1], Ex. 1.

[2] Officer Criddle's report states he did not use his blue lights to initiate a traffic stop and that Montgomery pulled over on his own volition. *See* [1], Ex. 1 at p. 4.

Criddle. Montgomery utilized his cell phone to record his interaction with Officer Criddle. Officer Criddle advised Montgomery that he had no issue with Montgomery recording the interaction but told him he could not post the video on social media.

Officer Criddle then asked Montgomery for his driver's license, and Montgomery provided an ID card. Montgomery explained that his license was suspended. Officer Criddle ran the ID number and confirmed that Montgomery's license was suspended. Officer Criddle then arrested Montgomery. Before detaining Montgomery in the patrol car, Officer Criddle performed a search of Montgomery's person and found drug paraphernalia in his pocket.

Montgomery alleges that Officer Criddle then retrieved his cell phone and deleted the video of the interaction and other unrelated sentimental recordings. After the arrest, Montgomery was taken to the Lowndes County Detention Center and charged with Driving on a Suspended License, No Proof of Insurance, and Possession of Drug Paraphernalia.

Montgomery now brings claims against Officer Criddle under the First, Fourth, and Fifth Amendments. Officer Criddle seeks dismissal of all claims.

*Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard to evaluate a motion under Rule 12(c) is the same as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022). For a complaint to survive a Rule 12(c) motion, it must "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). It need not contain detailed factual allegations, but it must go beyond formulaic recitations of the elements of

a cause of action, labels, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). But the Court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

*Analysis and Discussion*

As noted above, Montgomery asserts multiple claims against Officer Criddle for purported violations of his First, Fourth, and Fifth Amendment rights. After careful review of Montgomery's Complaint [1], the Court is unable to ascertain which specific claims Montgomery asserts against Officer Criddle.

I. *Allegations of the Complaint [1]*

At the outset, the Court notes that the Complaint [1] at times is difficult to follow. The Court is cognizant that a plaintiff need not perfectly state the legal theory of his claims. *See Scharklet v. Case Healthcare Sols.*, 2023 WL 8259255, at *8 (N.D. Miss. Nov. 29, 2023); *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) ("Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used."). Further, it is well established that *pro se* plaintiffs are held to a lower pleading standard than attorneys. *Ivy v. U.S. Dept. of Agric.*, 2010 WL 2559885, at *4 (N.D. Miss. June 23, 2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980)); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (holding that in order to avoid inequity, courts must construe *pro se* plaintiff's pleadings liberally). However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937 (citing FED. R. CIV. P. 8(a)(2)).

Here, several pages of Montgomery's Complaint [1] include general statements regarding the Mississippi Constitution and United States Constitution that have no specific relevance to the facts of *this* case. Then, the entirety of Montgomery's claim for relief is found in a single paragraph, wherein he alleges in conclusory fashion:

> 16. That the above-mentioned actions/inactions of defendant Criddle denied the plaintiff's First, Fourth, and Fifth Amendment Rights under the United States Constitution.

[1] at p. 7.

Even construed liberally, Montgomery's Complaint [1] is insufficient. Specifically, the Complaint [1] fails to name any discrete counts, set forth the elements of any claim, or connect facts to satisfy the elements of any claim. This structure falls shy of the pleading standard set forth in Rule 8. *See* FED. R. CIV. P. 8(a)(2) (requiring that the pleader set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also* FED. R. CIV. P. 10(b) (requiring that a party "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances … [E]ach claim … must be stated in a separate count[.]").

The Court also emphasizes that the Complaint [1] fails to specify which rights under each listed Amendment were violated and which facts support each individual purported violation. The Court, using common-sense, could infer some of the claims that Montgomery attempts to bring. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 ("Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). For example, the Court *could* infer that the First Amendment claim is for First Amendment retaliation. On the other hand, it is unclear which claims, if any, Montgomery makes under the Fifth Amendment.

The Court finds Montgomery's failures critical at this stage, as they place Officer Criddle, as well as the Court, in the difficult position of attempting to discern his intent. *See Alexander v. Hall*, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *EPCO Carbon Dioxide Prods, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)) ("[Rule 8] requires that a plaintiff plead sufficient facts to provide notice to [a defendant] of the factual basis for the plaintiff's claims.") (internal quotation marks omitted). Neither the opposing party nor the Court should be placed in such a position simply because Montgomery has failed to adequately plead his claims.

In his Memorandum [31], Officer Criddle raises this concern, arguing that "[a]lthough unclear, its seems that Plaintiff's Fourth Amendment claim is…" and "it seems that Plaintiff is attempting to make a Fifth Amendment takings claim." [31] at p. 9, 13. Proceeding based on assumption is simply inappropriate and unnecessary, particularly in light of the fact that Criddle raised the defense of qualified immunity. *See White v. City of Grenada, Mississippi*, 2021 WL 4449276, at *4 (N.D. Miss. Sept. 28, 2021) (concluding that a clear pleading adequately alleging the purported violations of law is particularly important in cases involving qualified immunity); *see also Morton v. City of Corinth, Mississippi*, 2023 WL 4568777, at *2 (N.D. Miss. July 17, 2023) (same).

This Court has dismissed or required amended pleadings in similar situations. *See*, *e.g.*, *Sudduth v. Lowndes Cnty., Miss.*, 2019 WL 982861, at *4 (N.D. Miss. Feb. 28, 2019) ("Although Sudduth clearly enumerates the facts giving rise to his claims generally, he advances a list of seven constitutional violations with no link between the alleged violations and the facts, and no indication of which alleged violations and related facts, he relies upon for his federal claims. . ."); *see also Michael v. Boutwell*, 2015 WL 2728516, at *6 (N.D. Miss. Feb. 19, 2015) (describing problems

with complaints that fail to adequately link factual allegations to claims, and appropriate procedural solutions); *White*, 2021 WL 4449276 at *4 (finding plaintiff failed to state claim where complaint enumerated facts potentially giving rise to his claims but did not link the factual allegations to list of constitutional violations).

The Court finds that Montgomery has failed to adequately articulate discrete claims and link factual allegations to elements of those claims. However, the Court is hesitant to dismiss the Complaint [1] as it appears that Montgomery *could* potentially state a plausible claim but has not pled his best case. *See Scharklet*, 2023 WL 8259255 at *10. Therefore, the Court denies Officer Criddle's request for dismissal.

II. Opportunity to Amend

As the Court has previously noted, the Complaint [1] is difficult to follow at times. However, because Montgomery is a *pro se* litigant and has alleged some facts that could potentially give rise to relief, the Court finds it appropriate to provide him *one* final opportunity to amend his complaint. In doing so, Montgomery is directed to file an amended complaint clearly articulating: (1) the specific claim(s) brought under each alleged constitutional violation; (2) the elements of each claim he brings; and (3) the alleged factual support corresponding to each element of each claim. Again, the nature of each claim and its factual predicates should be abundantly clear and comply with the notice requirement of Rule 8 and the structure requirements of Rule 10(b).

## Conclusion

For the reasons set forth above, Montgomery shall file an amended complaint within 21 days of today's date. In crafting his amended complaint, Montgomery must comply with the applicable pleading standards set forth herein. Should Montgomery fail to file an amended complaint on or before January 27, 2026, the Court will dismiss this case *without further notice*.

Officer Criddle's Motion for Judgment on the Pleadings [30] is DENIED *without prejudice*. If and when Montgomery files an amended complaint, Officer Criddle may renew his request for dismissal, if appropriate. In light of this ruling, Montgomery's separate Motion for Partial Summary Judgment [42] is also DENIED *without prejudice*.

SO ORDERED, this the 6th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE